**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 00-50014

_____

STATE OF TEXAS,

Plaintiff-Appellee,

VERSUS

YSLETA DEL SUR PUEBLO; TIGUA GAMING AGENCY; THE TRIBAL
COUNCIL; FILBERT CANDELARIA, Tribal Acting Governor;
FRANCISCO HERNANDEZ, Gaming Commissioner;

Defendants-Appellants.

Appeal from the United States District Court for
the Western District of Texas, El Paso Division

October 31, 2000

Before DAVIS, EMILIO M. GARZA, Circuit Judges, and POGUE, Judge[*].

PER CURIAM:[**]

The State of Texas brought suit against Ysleta del Sur Pueblo
(the "Tribe") seeking to enjoin the Tribe from violating Texas
anti-gaming laws at its Speaking Rock Casino. The Tribe responded
by filing a motion to dismiss for lack of subject matter
jurisdiction on the basis of tribal immunity. The District Court

_____

[*] Judge of the U.S. Court of International Trade, sitting by
designation.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concluded that under the Restoration Act (25 U.S.C. § 1300g) tribal immunity as to the state's claims is unequivocally abrogated and waived. We AFFIRM.

This Court has previously addressed the history of the bargain struck between the Tribe, the State of Texas and Congress in the passage of the Restoration Act in Ysleta del Sur Pueblo v. State of Texas, 36 F.3d 1325 (5th Cir. 1994) ("Ysleta I"). Essentially, in order to obtain passage of the Restoration Act which provided for restoration of the federal trust relationship to the Tribe, the Tribe agreed and in fact requested that the act include language prohibiting all gaming prohibited under Texas state law. In Ysleta I, this court concluded that the Restoration Act governs the determination of whether gaming activities of the Tribe are allowed under Texas law, which operates as surrogate federal law on the reservation.

The Restoration Act at § 1300g-6(a) clearly states that all gaming activities which are prohibited under the laws of the State of Texas are prohibited on the reservation. At § 1300g-6(c), the courts of the United States are recognized as having exclusive jurisdiction over any violation of the prohibition in subsection (a). The section also states that "nothing in this section shall be construed as precluding the State of Texas from bringing an action in the courts of the United States to enjoin violations of the provisions of this section." Recognizing that suits against Indian tribes are barred by sovereign immunity in the absence of

clear waiver by the Tribe or congressional abrogation, <u>Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.</u>, 498 U.S. 505, 509, 111 S.Ct. 905, 909 (1991), we find that the Restoration Act represents a clear abrogation by Congress of the Tribe's immunity as to exactly the class of suit brought here - an action in the courts of the United States by the State of Texas to enjoin violations of the anti-gaming provision of the act.

Accordingly, the district court's denial of the Tribe's motion to dismiss on the basis of its sovereign immunity was proper and the judgment of the district court is AFFIRMED. Because the only issue properly before us is the correctness of the district court's denial of immunity, other issues raised by the Tribe are not reviewable at this time.